UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MICHAEL FRENCH and ROSANGEL PAULINO

Plaintiffs,

-against-

THE UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE,
KEITH E. ECKERT and SANDRA SANTOS,

Defendants.
-------------------------------------------------------------X

**JUDGE SEIBEL**

COMPLAINT AND
JURY DEMAND

12 CV 5908

Plaintiffs, by their attorneys, HOBERMAN & TREPP, P.C., complaining of the defendants, respectfully allege, upon information and belief, as follows:

<u>JURISDICTION, VENUE & PARTIES</u>

1.  Jurisdiction of this court is founded upon 28 U.S.C. §1331, 1339, 1346 and 1367, 28 U.S.C. §2671 et seq., and 39 U.S.C. §409.

2.  That the causes of action brought herein arise as a result of a motor vehicle accident which occurred in the County of Orange, State of New York, specifically on State Route 208 at or near the State Route 17 westbound ramp, in the Town of Monroe, County of Orange.  Accordingly, the United States District Court for the Southern District of New York is the proper judicial district and venue is properly laid in this District pursuant to 28 U.S.C. §1391 and 1402.

3.  That at all times herein mentioned plaintiff MICHAEL FRENCH was a resident of the County of Orange, State of New York and the plaintiff, ROSANGEL PAULINO was a resident of the County of Orange, State of New York.

1

4. That at all times hereinafter alleged, and upon information and belief, the defendant, UNITED STATES POSTAL SERVICE, was and is a Federal Agency pursuant to 28 USC §1346.

5. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b) and 28 U.S.C. §2671 et seq. and 39 U.S.C. §409.

6. That the causes of action brought herein involve a motor vehicle owned and operated by the United States of America and/or one of its agencies as well a motor vehicle owned and operated by a domiciliary of New York. Accordingly, the United States District Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. §1367.

7. That on or about September 26, 2011, plaintiffs caused an administrative claim to be filed with the United States Postal Service at the U.S. Post Office, 785 State Route 17M, Monroe, New York 10950.

8. That this claim was filed within two (2) years of the accrual of the action as prescribed by 28 U.S.C. §2401(b).

9. That more than six (6) months have elapsed since the claim was presented and there has been no final determination by the United States Postal Service.

<u>AS AND FOR A CAUSE OF ACTION ON BEHALF OF</u>
<u>PLAINTIFF, MICHAEL FRENCH</u>

10. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "9" inclusive of this Verified Complaint, with the same force and effect as though said allegations were herein fully set forth at length.

11.     That at all times hereinafter mentioned, the defendant UNITED STATES OF AMERICA, owned a certain 1994 Chevrolet vehicle bearing New York license plate number 9201594

12.     That at all times hereinafter mentioned, the aforementioned 1994 Chevrolet vehicle bearing New York license plate number 9201594 was registered to the defendant, UNITED STATES POSTAL SERVICE, located at 70 State Route 17M, Monroe New York 10950.

13.     That at all times hereinafter mentioned, the aforementioned 1994 Chevrolet vehicle bearing New York license plate number 9201594 was being operated by the defendant, UNITED STATES POSTAL SERVICE.

14.     That at all the times hereinafter mentioned the defendant KEITH E. ECKERT, operated, managed and controlled the aforementioned 1994 Chevrolet vehicle bearing New York license plate number 9201594.

15.     That at all the times hereinafter mentioned, the defendant, KEITH E. ECKERT, operated, managed and controlled the above-mentioned vehicle with the permission and consent of the UNITED STATES POSTAL SERVICE and within the scope of his employment.

16.     That at all times hereinafter mentioned, the defendant SANDRA SANTOS, owned a motor vehicle bearing New York license plate number EEB7919.

17.     That at all the times hereinafter mentioned the defendant SANDRA SANTOS, operated, managed and controlled a motor vehicle bearing New York license plate number EEB7919.

18.     That at all times hereinafter mentioned, State Route 208 at or near its intersection with State Route 17, in Orange County and State of New York, was and still is a public thoroughfare used and devoted to use by members of the general public.

19.     That on or about May 5, 2011, at the above-stated time and place, the above-mentioned motor vehicles came into contact with one another and collided at the above-mentioned public thoroughfare.

20.     That on or about May 5, 2011, the plaintiff, MICHAEL FRENCH was lawfully and properly a passenger in the motor vehicle owned and operated by the defendant, SANDRA SANTOS.

21.     That at all times herein mentioned, as a result of the aforementioned collision, the plaintiff, MICHAEL FRENCH was caused to be thrown about the motor vehicle in which he was riding as a passenger, which was owned and operated by the defendant, SANDRA SANTOS, and he was injured.

22.     That as a result of the foregoing, the plaintiff, MICHAEL FRENCH was caused to sustain serious personal injuries, solely as a result of the negligence and carelessness of the defendants herein in their respective ownership, operation, maintenance and control of their aforesaid vehicles.

23.     That as a result of the foregoing, said plaintiff sustained a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

24.     This action falls within the exceptions listed in paragraph 6 as stated in Section 1602 of the Civil Practice Law and Rules of the State of New York.

## AS AND FOR A CAUSE OF ACTION ON BEHALF OF
## PLAINTIFF, ROSANGEL PAULINO

25.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" inclusive of this Verified Complaint, with the same force and effect as though said allegations were herein fully set forth at length.

26.     That on or about May 5, 2011, the plaintiff, ROSANGEL PAULINO was lawfully and properly a passenger in the motor vehicle owned and operated by the defendant, SANDRA SANTOS.

27.     That at all times herein mentioned, as a result of the aforementioned collision, the plaintiff, ROSANGEL PAULINO was caused to be thrown about the motor vehicle in which she was riding as a passenger, which was owned and operated by the defendant SANDRA SANTOS.

28.     That as a result of the foregoing, the plaintiff, ROSANGEL PAULINO was caused to sustain serious personal injuries, solely as a result of the negligence and carelessness of the defendants herein in their respective ownership, operation, maintenance and control of their aforesaid vehicles.

29.     That as a result of the foregoing said plaintiff sustained a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

30.     This action falls within the exceptions listed in paragraph 6 as stated in Section 1602 of the Civil Practice Law and Rules of the State of New York.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to Fed. R. Civ. P. Rule 38, of all issues capable of being determined by a jury.

WHEREFORE, plaintiffs demand the following relief jointly and severally against the defendants:

a)      an award of compensatory damages for the plaintiff MICHAEL FRENCH in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

b)      an award of compensatory damages for the plaintiff ROSANGEL PAULINO in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

c)      the convening and empanelling of a jury to consider the merits of the claims herein;

d)      an award of costs and fees incurred in the maintenance of these actions, including but not limited to attorneys' fees; and

e)      such other and further relief as this Court deems just and proper including injunctive and declaratory relief as may be required in the interest of justice.

Dated: Bronx, New York
      July 18, 2012

HOBERMAN & TREPP, P.C.

BY: _____
HOWARD I. TREPP (5567)
Attorneys for Plaintiffs
2622 East Tremont Avenue
Bronx, N.Y. 10461
718-625-1100

6